IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES QUARTERMAN, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>    *Defendants.* | Case No. 3:25-cv-161-TES |

**ORDER**

On November 6, 2025, Plaintiffs filed their Letter to this Court [Doc. 17] that included several motions, requests and concerns. The Court responds as set forth in this Order.

Plaintiffs initially filed their Complaint in the United States Court of Federal Claims on July 14, 2025. [Doc. 1]. Plaintiffs John Quarterman, Felecia Quarterman, and Nicole Quarterman assert various claims against the United States Department of Agriculture ("USDA"), the Commodity Credit Corporation ("CCC"), and USDA Secretary Brooke Rollins. *See* [*Id.*]. On September 12, 2025, the Court ordered the parties to either file a joint motion to transfer or a joint notice setting forth the reasons why the Court should not transfer the case *sua sponte*. [Doc. 5, p. 2]. In that same order, the Court extended the deadline for the United States to answer the complaint by 30 days,

making the new deadline to answer October 15, 2025. [*Id.*] After a joint motion to transfer was filed on September 29, 2025 [Doc. 6], the case was transferred to the Middle District of Georgia on September 29, 2025. [Doc. 7].

On October 16, 2025, Plaintiffs filed a Motion for Validity of CFC Order and Request for Default, requesting that Defendants be found in default for failing to answer by the Court of Federal Claims' original October 15 deadline. [Doc. 11]. This Court explained to Plaintiffs that, per Chief Judge Gardner's order staying all civil cases involving the United States and/or its agencies, the case has been stayed until Congress authorized additional appropriations for the government to reopen. [Doc. 14]. This Court also added that this case was stayed beginning on the effective date of Judge Gardner's order and that all parties must comply with Judge Gardner's order regarding extension of any and all applicable deadlines. [Doc. 13]; [Doc. 14]. A copy of Judge Gardner's Order can be found on the docket at Doc. 16.

Given that background, Plaintiffs first seek clarification "as to whether the stay order issued by this Court on October 6, 2025, nullifies the CFC's prior deadline for the defendant's answer, or whether that deadline remains operative until expressly amended or vacated by this Court." [Doc. 17, p. 2]. As explained by the Court in previous orders, until Congress authorizes additional appropriations, the Court is and will remain under a standing order that stays all deadlines in cases involving the United States and its agencies. As such, Defendants cannot be in default while the stay is in

2

place. When the stay is lifted, Defendants will have the remainder of the time they had left to answer before the stay went into effect. The stay went into effect on October 6, 2025. [Doc. 16]. The United States Court of Federal Claims set Defendants' deadline to answer as October 15, 2025. [Doc. 11]. Thus, Defendants will have a minimum of nine days to answer the Complaint once the stay is lifted in addition to any potential time that could be granted to Defendants should they request (and the Court approve) an extension to answer.

Plaintiffs also request "explicit permission to communicate with the U.S. Attorney's Office regarding settlement and procedural matters . . ." [Doc. 17, p. 3]. When a party acts as its own lawyer, it has a duty to communicate with opposing parties just as a lawyer would do. Plaintiffs may consider this Order as explicit permission to communicate with the U.S. Attorney's Office. Again, as pro se litigants, Plaintiffs have the affirmative responsibility to communicate with counsel for Defendants. If Plaintiffs do not communicate with Defendants' counsel, the case simply will not move forward.

Next, Plaintiffs assert that "Plaintiff Nicole Quarterman's role as a military intelligence officer with high-level security clearances presents unique legal challenges" so that they seek to have "all proceedings involving Nicole [Quarterman] comply with CIPA and related statutes, and that any inquiries or requests for disclosure regarding

Plaintiff Nicole be directed to the Court for review."[1] [*Id.*]. While the Court certainly appreciates the need to protect national security and classified information, it is not convinced that a case involving the denial of a loan application will present the opportunity to breach the confidentiality of any such sensitive information. As such, the Court will not invoke the CIPA and its significant and expensive burdens. If and when an issue of national security actually becomes relevant in this case, the Court will then reevaluate whether CIPA should be invoked.

      Finally, Plaintiffs request "consideration for appointment of counsel due to national security implications, or, alternatively, waiver to appear to protect sensitive information." [Doc. 17, pp. 3–4]. A civil litigant has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel is a privilege, which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id.* at 1028. Here, the Court has considered the matter's complexity and Plaintiffs' ability to prosecute their claims. The Court is unable to identify any exceptional circumstances, such as novel or complex facts and legal issues, that would require the appointment of counsel. As such, the Court exercises its discretion and denies the appointment of counsel for Plaintiffs. *See* 28 U.S.C. § 1915(e)(1).

---

[1] CIPA is the acronym for the Classified Information Procedures Act.

Finally, Plaintiffs request "clarification of the applicable procedures and deadlines for seeking an interlocutory appeal to the 11th Circuit Court of Appeals to review a non-final order . . . entered on October 16, 2025, in light of the current stay of proceedings in this case, ordered on October 6, 2025." [Doc. 17, p. 4]. The Court cannot issue legal advice to Plaintiffs or coach them on any appellate procedures. They are representing themselves and they must answer that question for themselves.

However, the Plaintiffs clearly ask the Court to certify two questions for interlocutory appeal: (1) Whether the Court's October 16, 2025, order "that plaintiffs did not receive notice of until October 27, 2025 (tolling the 10-day appeal right) issues under a stay is valid," and (2) whether "previously issues orders from the transferee Court of Federal Claims (CFC) remain valid after being transferred unless explicitly changed by the transferee court FDC." The Court may issue an interlocutory appeal when it certifies in writing that an order involves a "controlling question of law," there is "substantial ground for difference of opinion," and an "immediate appeal may materially advance the litigation." 28 U.S.C. 1292(b). The Court find that its October 16, 2025, order does not meet the statutory criteria outlined above. To the extent Plaintiffs intended for their filing to request certification of interlocutory appeal, that request is denied.

In sum, this case remains under Chief Judge Gardner's order staying all cases involving the United States and its agencies. Given that order, Defendants will have a minimum of nine days to respond to Plaintiffs' Complaint once the stay is lifted.

5

Additionally, because Plaintiffs are pro se litigants, they are allowed and encouraged to speak to counsel for Defendants. The Court declines to invoke CIPA at this stage and furthermore declines to appoint counsel for Plaintiffs. Finally, the Court declines to issue a certificate of interlocutory appeal for its October 16, 2025 order.

**SO ORDERED**, this 10th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
