IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES QUARTERMAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO.: <br> 3:25-cv-00161-TES |

## ORDER

Before the Court is Plaintiffs' "Rule 60(b) Motion to Vacate and Rescind the Order of Dismissal with Prejudice per President Donald J. Trump Executive Order 14281" (the "Motion"). [Doc. 41]. For the reasons explained below, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

On January 15, 2026, the Court granted the Government's Motion to Dismiss. *See* [Doc. 32], *in connection with* [Doc. 39]. On February 10, 2026, Plaintiffs filed the instant Motion asking this Court to reconsider the dismissal. Plaintiffs argue that the Court's Order should be set aside for various reasons, including that "the Court relied on outdated law and failed to apply controlling new legal authority—specifically Executive Order 14281 (April 23, 2025) and the Department of Justice December 2025 Final Rule,

which eliminated disparate-impact liability and restructured Title VI enforcement around intentional discrimination, directly affecting the liability of USDA" among other reasons. [Doc. 41, p. 1]. As described in more detail below, Plaintiffs' motion is characteristically insufficient and so utterly devoid of merit that it once again borders on sanctionable.

## DISCUSSION

Fed. R. Civ. P. 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not previously have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). As for the timing of the motion, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For Rule 60(b) purposes, "[a] final judgment . . . is any judgment that is an appealable order." *Bell v. Houston Cty.*, No. 5:04-cv-390 (HL), 2007 WL 4146205, at *2 (M.D. Ga. Nov. 19, 2007) (quoting *Solaroll Shade & Shutter Corp. v. Bio-*

*Energy Sys.*, 803 F.2d 1130, 1131 (11th Cir. 1986)). There is no question that the Court's

Order [Doc. 39] was a final judgment as contemplated by Rule 60(b).

In this case, Plaintiffs seek relief under Rule 60(b)(1), (b)(3), and (b)(6). [Doc. 41,

pp. 4–5]. However, Plaintiffs fail to truly explain how Rule 60(b)(1) and (b)(3) even

remotely apply in this case, as they allege no mistake, surprise, or excusable neglect and

further fail to allege any fraud, misrepresentation, or misconduct by the Government.

That leaves us with Rule 60(b)(6), the "catch-all ground for relief under Rule 60(b)."

*Galbert v. West Caribbean Airways*, 715 F. 3d 1290, 1294 (11th Cir. 2013).

The law is well settled that federal courts may grant relief under Rule 60(b)(6)

only for extraordinary circumstances. *Nat'l Union Fire Ins. Co. v. Va. Cavins & Progressive*

*Sys., Inc.*, 2007 WL 2692723, at *3 (M.D. Ala. Sept. 11, 2007). Although a clear-cut change

in the law may in certain circumstances provide the basis for relief under Rule 60(b)(6),

"something more than a 'mere' change in the law is necessary." *Ritter v. Smith*, 811 F.2d

1398, 1401 (11th Cir. 1987); *Madura v. BAC Home Loans Servicing, LP*, 734 Fed. App'x 629,

633 (11th Cir. 2018) ("Additionally, more than a mere change in the law is necessary to

provide grounds for Rule 60(b)(6) relief; the petitioner must persuade [the Court] that

the circumstances are sufficiently extraordinary to warrant relief.") (citing *Ritter*, 811 F.

2d at 1401). As expressed in more detail below, Plaintiffs' misunderstanding of the law

does not create such an extraordinary circumstance to justify the relief they seek. The

Court will address each of Plaintiffs' meritless and futile complaints below.

First, Plaintiffs argue that "the Court relied on outdated law and failed to apply controlling new legal authority—specifically Executive Order 14281 (April 23, 2025) and the Department of Justice December 2025 Final Rule, which eliminated disparate-impact liability and restructured Title VI enforcement around intentional discrimination, directly affecting the liability of USDA." [Doc. 41, p. 1]. These grounds do not change the Court's ruling for several reasons. First, as admitted by Plaintiffs, President Trump issued Executive Order 14281 on April 23, 2025, well before Plaintiffs filed their suit with the Court of Federal Claims. Curiously, Plaintiffs don't bother to explain why they didn't alert any court to such an earth-shattering Executive Order before now. For example, Plaintiffs remained tight-lipped about this Executive Order in their Amended Complaint [Doc. 30], their Memorandum of Law in Support of Amended Complaint, their Response to Defendants' Motion to Dismiss, and their Memorandum in Opposition to Defendants' Motion to Dismiss. *See, e.g.*, [Doc. 30-1]; [Doc. 33, pp. 1–12]; [Doc. 33, pp. 13–21]. Each of these filings were filed almost eight months *after* the President issued Executive Order 14281. Plaintiffs' attempt to introduce new arguments at this stage is impermissible under the law. A Rule 60(b)-based motion "cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *See In re Smith*, No. 24-12183, 2025 WL 2827458, at 2 (11th Cir. Oct. 6, 2025).

But more importantly, Plaintiffs completely failed to explain how the President of the United States can unilaterally change federal law. In this country, we still have separation of powers and the Executive Branch remains utterly powerless to just wipe away judicial precedent and centuries of case law with the stroke of a Sharpie. While the President's Executive Order may bind the Executive Branch of our government, it doesn't control the Judicial Branch and no President can change laws on his own. That is for Congress and Congress didn't act in this instance. Bottom line, Plaintiffs' attempt to effectively have this Court rewrite our beloved Constitution miserably fails.

Next, Plaintiffs assert that "[t]he Court misapplied Title VI by relying on the 'recipient-only' limitation, although the governing law changed in 2025, expanding intentional discrimination liability to *agencies themselves* under § 601 and § 602." [Doc. 41, p. 1]. Plaintiffs, again, are mistaken. The purpose of Executive Order 14281 was to "eliminate the use of disparate-impact liability in all contexts to the maximum degree possible to avoid violating the Constitution, Federal civil rights laws, and basic American ideals." Exec. Order No. 14281, 90 Fed. Reg. 17537 (Apr. 23, 2025). It does not, however, remove any Congressional exemption from Title VI for programs conducted directly by federal agencies as established under 42 U.S.C. § 2000d-4a as explained in the Court's Order [Doc. 39, at pp. 9–10]. As set out above, the President's Executive Order didn't change the law and the Court certainly didn't err by pretending it did.

Additionally, Plaintiffs complain that "[t]he Court failed to address key evidence, including the FSA Administrator's email expressly acknowledging Plaintiffs were treated differently and the USDA's own termination of the Farm Loan Manager for discriminatory conduct." [Doc. 41, p. 2]. *Au contraire*, the Court did, in fact, consider the information Plaintiffs provided in their Amended Complaint, including their allegations that "'officials from the USDA and CCC intentionally discriminated against them based on race'; that 'the loan application was denied by former FSA Farm Loan Manager Megan Stanley, who made statements indicating intentional discrimination based on race'; that 'evidence includes emails, administrative findings, and direct admissions of bias'; [and] 'the denial was based on arbitrary grounds.'" *See* [Doc. 30 at pp. 2–4]." [Doc. 39, p. 16]. And, in considering those allegations, the Court determined that "Plaintiffs offer no factual details to support these allegations and instead rely on what are nothing more than textbook conclusory statements to support their claim." [*Id.* at p. 17]. The Court explained that Plaintiffs "offer[ed] no additional details of how the USDA farm loan application was tainted by improper considerations of race, what supposed statements evidence a discriminatory motive, or why the stated grounds for denial of their application are arbitrary" and that Plaintiffs furthermore "fail[ed] to allege why they were otherwise qualified for the USDA farm loan or that individuals outside of their protected class, but with similar credit statuses, received more favorable

6

treatment." [*Id.*]. Plaintiffs have offered no compelling reason or argument to convince the Court that it got it wrong.

Plaintiffs' next argument is equally unconvincing. Plaintiffs assert "[t]he Court failed to adjudicate Plaintiffs' Fifth Amendment Due Process claim, which provides a separate direct cause of action for intentional discrimination by federal officials." [Doc. 41, p. 2]. While the Court candidly did not provide a full analysis of a Fifth Amendment due process claim, that is as a direct result of Plaintiffs' failure to plead any such claim. Indeed, a quick review of Plaintiffs' Amended Complaint reveals they made no such claim. *See generally* [Doc. 30]. In fact, in Plaintiffs' enumeration of claims, they identify only claims for intentional discrimination under 42 U.S.C. § 1981 and Title VI, a Fifth Amendment takings claim, and a claim under the Equal Credit Opportunity Act and Regulation B. [Doc. 30-1, pp. 4–6]. The Court addressed each of these claims. *See generally* [Doc. 39]. If Plaintiffs now claim that they really included a Fifth Amendment Due Process claim lurking in the weeds of their rambling Amended Complaint, their lack of structure and factual allegations to clearly identify, much less support, any such claim would give the Court more-than-ample reason to dismiss any such hidden claim as well. If Plaintiffs really meant to include such a claim in their Amended Complaint, they should have made it obvious to the Court and the Government and not waited to identify it until the Court had already dismissed their case. This ground fails as well.

Plaintiffs next argue "[t]he Court ignored the prior ruling of the U.S. Court of Federal Claims, which found Plaintiffs' claims 'non-frivolous and meritorious,' contradicting this Court's dismissal with prejudice." [Doc. 41, p. 2]. The Court will not readdress this point with Plaintiffs and points them instead to its Order, where the Court has, with Job-like patience, repeatedly explained to Plaintiffs why they are wrong and has more than adequately exhausted this point of contention with Plaintiffs. [Doc. 39, pp. 17–19]. The Court will waste no further time or resources on this point.

Next, Plaintiffs argue "[t]he dismissal with prejudice constituted a denial of due process, especially where Plaintiffs raised new issues of first impression arising from a newly enacted Executive Order and newly repealed Title VI regulations." [Doc. 41, p. 2]. The Court already plowed this ground. For the reasons exhaustively explained above, the Court rejects Plaintiffs' assertion.

Finally, Plaintiffs argue that their "ECOA/Regulation B claim is not time-barred, as expressly held by the Court of Federal Claims, and the Court failed to apply the ECOA sovereign immunity waiver." [*Id.*]. It is important to note that the Court's Order did not characterize Plaintiffs' claim as time barred. *See generally* [Doc. 39]. Likewise, the Court did not address any issues of a waiver of sovereign immunity, as neither issue was briefed by the parties. Rather, the Court dismissed Plaintiffs' ECOA/Regulation B claim because "Plaintiffs fail[ed] to allege sufficient non-conclusory facts to state a

plausible claim for relief." [Doc. 39, p. 16]. Plaintiffs have offered no reason as to why the Court's decision should be revisited.

<u>**CONCLUSION**</u>

Ultimately, it appears that Plaintiffs have chosen to file their Motion as a last-ditch attempt to relitigate the issues, add in a slew of frivolous arguments they didn't bother to make in their initial briefs, tell the Court how it could have done a better job, and expand the duration of the time spend at the trial-court level. Plaintiffs have provided no evidence or argument that in any way changes the Court's analysis on any issue. As such, Plaintiffs have failed to meet their burden under Rule 60(b) to justify relief from any the Court's previous rulings. Plaintiffs' next stop on their Quixotic quest is at the Court of Appeals for the Eleventh Circuit in Atlanta.

Plaintiffs' Motion [Doc. 41] is **DENIED**.

**SO ORDERED**, this 19th day of February, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

9